**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOHN ANTONIO CASILLAS )
)
Plaintiff, )
)
v. )    Civil Action No. 07-1621(RWR)
)
UNITED STATES DEPARTMENT )
OF JUSTICE OFFICE OF )
INFORMATION AND PRIVACY, )
)
Defendant. )
)
_____ )

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves the Court for summary judgment with regard to plaintiff's FOIA request made to the "EOUSA/FOIA/PA Staff because there are no material issues of fact and defendant is entitled to judgment as a matter of law.

In support of this motion, the defendant submits the attached Memorandum of Points and Authorities, Statement of Material Facts as to Which There Is No Genuine Issue, and the Declarations of Dione J. Stearns and Assistant United States Attorney (AUSA) Isabel Munoz Acosta.

Pro se plaintiff will please take note that the assertions contained in the accompanying declarations and other attachments in support of defendant's motion will be accepted by the Court as true unless plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's declaration and attachments. Plaintiff is referred to Local Rule 7(h), Local

Rule 56.1 and Federal Rule 56(e), which provide as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

See also Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992) (same).

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN ANTONIO CASILLAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1621(RWR) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE OFFICE OF | ) | |
| INFORMATION AND PRIVACY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND**
**IN OPPOSITION TO PLAINTIFF'S PETITION FOR JUDGMENT**

**INTRODUCTION**

The Department of Justice (DOJ) has submitted declarations by Dione J. Stearns (Stearns Decl.) and AUSA  Isabel Munoz Acosta (Acosta Decl.), in support of this motion addressing the search for records responsive to plaintiff's FOIA request.

**FACTUAL BACKGROUND**

The factual background concerning plaintiff's FOIA request is set out in detail in the Statement of Material Facts as to Which There Is No Genuine Issue, which is incorporated herein by reference.

In his FOIA request, plaintiff pro se, sought the disclosure of all criminal bonds or bonding information relating to him in U.S. v. Antonio Casillas, Civil Action No. 90-0314 (D.C.P.R)(Stearn Decl., Exs. 1, 13).

In response to his request for documents, the Executive Office for the United States Attorneys (EOUSA) informed plaintiff that he must provide a notarized example of his signature or a certification of his identity (Stearns Decl., ¶ 6, Ex. 2). Once plaintiff perfected his request, a search was conducted for responsive documents in the USAO for the District of Puerto Rico (USAO-DPR) that revealed no responsive documents (Stearns Decl., ¶¶ 9,11; Acosta Decl., ¶¶ 5-9). Plaintiff appealed the determination to the Office of Information and Privacy (OIP)(Stearns Decl., ¶ 10, Exs. 5, 6). OIP affirmed EOUSA's actions concerning plaintiff's FOIA request (Id., ¶ 10, Ex. 6).

## ARGUMENT

### I.    Standard of Review

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, which provides that the "judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 248. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v.

2

Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir.
1987), (quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986)
(emphasis in original)).

Once the moving party has met its burden, the non-movant may
not rest on mere allegations, but must instead proffer specific
facts showing that a genuine issue exists for trial. Matsushita
Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).
Thus, to avoid summary judgment, the plaintiff must state
specific facts or present some objective evidence that would
enable the court to find he is entitled to relief. In Celotex
Corp. v. Catrett, 477 U.S. 317 (1986), the Supreme Court held
that, in responding to a motion for summary judgment, the party
who bears the burden of proof on an issue at trial must "make a
sufficient showing on an essential element of [his] case" to
establish a genuine dispute. Id. at 322-23.

In an opinion issued the same day as Celotex, the Supreme
Court attempted to explain under what circumstances summary
judgment is appropriate:

> If the evidence is merely colorable, . . . or is not
> significantly probative, . . . summary judgment may be
> granted . . . [T]he mere existence of a scintilla of
> evidence in support of the plaintiff's position will be
> insufficient; there must be evidence on which the jury
> could reasonably find for the plaintiff.

Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50, 252. See
Johnson v. Digital Equipment Corp., 836 F. Supp. 14, 15 (D.D.C.
1993). In Celotex, the Supreme Court further instructed that the

3

"[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327.

FOIA cases are typically resolved on summary judgment.  See Cooper Cameron Corp. v. Department of Labor, 280 F.3d 539, 543 (5th Cir. 2002).  To discharge its burden, the agency must prove that each document that falls within the class of requested records has either been produced, is unidentifiable, or is exempt.  See National Cable Television Ass'n, Inc. v. Federal Communications Commission, 479 F.2d 183, 186 (D.C. Cir. 1973). In a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe, "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  See also Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all nondisclosures.  See 5 U.S.C. § 552(a)(4)(B); Department of

4

<u>Justice v. Reporters Comm. for Freedom of the Press</u>, 489 U.S. 749, 755 (1989).

"Summary judgment is available to the defendant in a FOIA case, when the agency proves that it has fully discharged its obligations under FOIA." <u>Miller v. United States Dept. of State</u>, 779 F.2d 1378, 1382 (8th Cir. 1985.)  Agencies establish that all of their obligations under the FOIA have been met through declarations and <u>Vaughn</u> indexes.  Thus, when the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant.  <u>Perry v. Block</u>, 684 F.2d 121 (D.C. Cir. 1982).

**II.  <u>The Search Was Adequate</u>.**

The adequacy of an agency's search under the FOIA is "measured by a `standard of reasonableness,'" <u>Weisberg v. United States Dep't of Justice</u>, 705 F.2d 1344, 1352 (D.C. Cir. 1983) (quoting <u>McGehee v. CIA</u>, 697 F.2d 1095, 1100 (D.C. Cir. 1983)), which varies according to the circumstances unique to each case. <u>Id</u>. (quoting <u>Founding Church of Scientology v. Nat'l Sec. Agency</u>, 610 F.2d 824, 834 (D.C. Cir. 1979)).  The reasonableness inquiry does not examine "the fruits of the search," but instead focuses upon "the appropriateness of the methods used to carry out the search." <u>Iturralde v. Comptroller of the Currency</u>, 315 F.3d 311, 315 (D.C. Cir. 2003).  Thus, the fundamental question is not "whether there

might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original).

At the summary judgment stage, the agency is entitled to prevail if it shows "beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents." Weisberg, 705 F.2d at 1351.  To meet its burden, the agency must proffer affidavits or declarations that shed sufficient light on "the scope and method of the search conducted by the agency." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982) (per curiam).  Simply put, these statements must be "`relatively detailed' and nonconclusory and must be submitted in good faith." Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978) (footnote omitted), quoted in Perry, 684 F.2d at 127.  Because agency affidavits enjoy a presumption of good faith, Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981) (per curiam), usually it is only the first two factors that are at issue.

Once the agency has successfully satisfied its prima facie obligation, the requester may rebut by presenting countervailing evidence, including evidence of bad faith.  Meeropol, 790 F.2d at 958; Founding Church of Scientology, 610 F.2d at 836. "[P]urely speculative claims about the existence and discoverability of other documents," however, do not suffice to discredit agency affidavits.

6

Ground Saucer Watch, 692 F.2d at 771.  Moreover, even in situations where the agency acknowledges that the requested document still exists or once existed, "the failure to turn up this document does not alone render the search inadequate."  Nation Magazine, Washington Bureau v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995) (citing Perry, 684 F.2d at 128); accord Iturralde, 315 F.3d at 315 ("[I]t is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate.").  In such situations, an otherwise reasonable search remains adequate unless circumstances reveal "positive indications of overlooked materials."  Founding Church of Scientology, 610 F.2d at 837; accord Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 327-28 (D.C. Cir. 1999). Thus, the FOIA does not require an agency to "account for documents which the requester has in some way identified if it has made a diligent search for those documents in places in which they might be expected to be found."  Miller v. United States Dep't of State, 779 F.2d 1378, 1385 (8th Cir. 1985), cited with approval in Iturralde, 315 F.3d at 315.  Here, there is no indication that materials were overlooked.

The District Court should grant DOJ's summary judgment because the Acosta Declaration, submitted in support of this motion, sufficiently explains the procedures used to locate responsive documents, such that no substantial doubt remains as to the

7

efficacy of the search methodology employed by the United States Attorney's Office in Puerto Rico (USAO-DPR) in responding to plaintiff's FOIA request.  See Iturralde, 315 F.3d at 314-15; Founding Church of Scientology, 610 F.2d at 834-35.

The declaration of AUSA Acosta is clear, concise, and nonconclusory description of the search the USAO-DPR conducted to locate responsive records maintained by that office pertaining to plaintiff regarding bonds.  The declaration demonstrates that the search was reasonable, thorough, and adequate.  USAO-DPR searched for all records identifiable to plaintiff in the LIONS electronic system, the Federal Records Center and the case file most likely to have responsive records (Acosta Decl., ¶ 6).  See Church of Scientology, 30 F.3d at 230 (search done of the United States Attorney's Office computerized records systems was adequate).  The LIONS system showed that plaintiff's records were located at the Federal Records Center.  The case file on plaintiff and the records contained therein did not contain any documents related to bonds, criminal bonds, or bonding (Id., ¶¶ 7-9).  See e.g. Hornbostal v.United States Department of Interior, 305 F. Supp. 21,28 (D.D.C. 2003); see also Jones v. FBI, 41 F.3d 238, 249 (6th Cir. 1994).

The search conducted by USAO/DPR was reasonably calculated to locate the relevant records.  Ogesby, 920 F. 2d at 68.  No records responsive to plaintiff's FOIA request were found.

**CONCLUSION**

For the foregoing reasons, summary judgment should be granted in favor of the Department of Justice.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
SERGIY KURDYUKOV              )
                              )
          Plaintiff,          )
                              )
     v.                       )     Civil Action No. 07-1131(PLF)
                              )
U.S. COAST GUARD              )
                              )
          Defendant.          )
                              )
_____)
```

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

In accordance with Local Rule 7(h), the defendant submits the following Statement of Material Facts as to Which There Is No Genuine Issue:

1.    By letter dated August 15, 2006 and received by the Executive Office of the United States Attorneys (EOUSA) FOIA/PA on October 11, 2006, plaintiff made a request for information contained in the USAO's for the District of Puerto Rico (DPR). See Exhibit 1.

2.    Upon receipt of his FOIA/PA request, EOUSA assigned Request Number 063539 to it. By letter dated October 30, 2006, EOUSA FOIA/PA informed plaintiff that he must provide a notarized example of his signature or a certification of identity under penalty of perjury. EOUSA further informed the plaintiff that his request contained conflicting language, which required clarification. EOUSA administratively closed his file and

reiterated that upon correction, of his above deficiencies, EOUSA will open a new file (<u>See</u> Exhibit 2).

3.    By letter dated November 5 and November 6, 2006, plaintiff submitted a perfected request, which sought disclosure of all criminal bonds or bonding information pertaining to his criminal case in the DPR (<u>See</u> Exhibit 3).

4.    By letter dated December 27, 2006, EOUSA FOIA/PA acknowledged plaintiff's perfected ,request and advised him that his request was assigned Request Number 06-4037. <u>Id</u>.

5.    By letter dated April 30, 2007, EOUSA informed plaintiff that a search for records in the USAO for the District of Puerto Rico (USAO-DPR) has revealed no responsive records for criminal bonding pertaining to his criminal case in DPR. <u>See</u> Exhibit 4.

6.    By letter dated May 9, 2007, plaintiff filed an appeal with the Office of Information and Privacy (OIP). By letter dated June 20, 2007, OIP affirmed EOUSA's action on plaintiff's request (<u>See</u> Exhibits 5 and 6).

7.    Upon receipt of plaintiff's FOIA/Privacy Act request, the USAO-DPR conducted a search under plaintiff's name of the LIONS computer tracking systems utilized by the USAO's Office to record and maintain up to date information on cases and other matters opened by Assistant United States Attorneys and to produce a variety of reports on that information (Acosta Decl. ¶

2

5).

8.   Information maintained in LIONS is retrievable by t he defendant's name, USAO jacket number, and Court docket number (Id., ¶ 5).  A search of LIONS revealed that potentially responsive documents were located at the Federal Records Center. Id.

9.   Plaintiff's file was retrieved from the Federal Records Center and a search of that file revealed that it did not contain any documents related to bonds, criminal bond or bonding (Id., ¶¶ 6-8).

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by

First-Class Mail; postage prepaid to:

JOHN ANTONIO CASILLAS
aka JOHN CASILLAS
# 06843-069, Unit BA
Federal Satellite Low
2650 Hwy 301 South
Jesep, GA 31599

on this _____ day of November, 2007.

```
    ___/s/_____
    DIANE M. SULLIVAN
    Assistant United States Attorney
    555 Fourth Street, N.W.
    Room E4919
    Washington, D.C.  20530
    (202)514-7205
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN ANTONIO CASILLAS,           )
             Plaintiff,           )
                                  )
                                  ) Civil Action No. 07-1621
      V.                            )
                                  )
UNITED STATES DEPARTMENT OF JUSTICES, )
OFFICE OF INFORMATION AND PRIVACY    )
             Defendant           )

DECLARATION OF DIONE J. STEARNS

I, Dione J. Stearns declare the following to be a true and correct statement of facts:

1)      I am an Attorney Advisor with the Executive Office for United States Attorneys (EOUSA ), United States Department of Justice.  In that capacity, my responsibilities include: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5.U.S.C. §552a (1988) ("PA"); the review of FOIA/PA requests for access to records located in this office and 94 United States Attorney's offices (USAO's) and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; the location of responsive records; and preparation of responses thereto by EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§ 16.3 et.seq. and §16.40 et.seq.).

2)      As an Attorney Advisor of the FOIA/PA unit, EOUSA, I have authority to release and /or withhold records requested under the FOIA/PA, and to advocate the position of the

EOUSA in actions brought under the FOIA/PA. The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3)    Due to the nature of my official duties, I am familiar with procedures followed by this Office in responding to the FOIA/PA request(s).

## OVERVIEW

4)    This declaration explains the procedures that were followed in responding to Plaintiff's August 15, 2006 request, referenced in Plaintiff's complaint filed September 13, 2007.

5)    By letter dated August 15, 2006 and received by EOUSA FOIA/PA on October 11, 2006, Plaintiff made a request for information contained in the USAO's for the District of Puerto Rico (DPR). *See* **Exhibit 1.**

6)    Upon receipt of his FOIA/PA request, EOUSA assigned Request Number 06-3539 to it. By letter dated October 30, 2006, EOUSA FOIA/PA informed Plaintiff that he must provide a notarized example of his signature or a certification of identity under penalty of perjury. EOUSA further informed the Plaintiff that his request contained conflicting language, which required clarification. EOUSA administratively closed his file and reiterated that upon correction of his above deficiencies, EOUSA will open a new file. *See* **Exhibit 2.**

7)    By letter dated November 5 and November 6, 2006, Plaintiff submitted a perfected request, which sought disclosure of all criminal bonds or bonding information pertaining to his criminal case in the DPR. *See* **Exhibit 3.**

8)    By letter dated December 27, 2006, EOUSA FOIA/PA acknowledged Plaintiff's perfected request and advised him that his request was assigned Request Number 06-4037.

9)      By letter dated April 30, 2007,  EOUSA informed Plaintiff that a search for

records in the USAO for the District of Puerto Rico (DPR) has revealed no responsive records

for criminal bonding pertaining to his criminal case in DPR.  *See* **Exhibit 4.**

10)     By letter dated May 9, 2007, Plaintiff filed an appeal with the Office of

Information and Privacy (OIP).  By letter dated June 20, 2007, OIP affirmed EOUSA's action on

Plaintiff's request.  *See* **Exhibits 5 and 6.**

## ADEQUACY OF THE SEARCH

11)     Upon receipt of Plaintiff's FOIA/Privacy Act request, the USAO for the DPR

conducted searches in the criminal case files under the search terms bonds and bonding.  The

specific computer tracking system utilized in searching for records pertaining to bonds and

bonding was Lions.  The Federal Records Center was also searched.  No responsive records were

located.

## CONCLUSION

13)   Each step in the handling of Plaintiff's request has been entirely consistent with

EOUSA and the United States Attorney's Office procedures which were adopted to insure an

equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 15th day of October 2007 at Washington, D.C.

Dione Jackson Stearns
Attorney Advisor
EOUSA FOIA/PA Staff

U.S Department of Justice
F.O.I.A./P.A. Section, Room 115 Loc
Patricia D. Harris
Justice Management Division
Constitution Ave. and Tenth St. NW
Washington, D.C.   20530

Response To:
JOHN ANTONIO CASILLAS
06843-069 Unit B-2
F.S.L. 2650 Hwy 301 S.
Jesup,   GA   31599
IDENTIFICATION OF REQUESTER
In accordance with 28 CFR § 16.41(d)

August 15,2006

RE:   DISCLOSURE OF ALL CRIMINAL BONDS,BONDING, OR OTHERWISE AS
      REQUESTED BELOW-JOHN ANTONIO CASILLAS-Case No. 90-CR-0314 CCC
      U.S. District court/ Puerto Rico.

Dear Ms. Harris:

    This request is made pursuant to the provisions of the Freedom of
Information Atc 5 U.S.C. §552 and Privacy Act 5 U.S.C. §552a(d)(1)
for full disclosure and release os all records and /or data contained
in the files of your Department and/or Agency under my name and/or
identifier to my name.   This request sought herein is for Bond
information and/or Commercial Crimes Bonding Information and/or
Case Bonding Information and/or Commercial Crimes Bonding Certi-
fication 5 U.S.C. §552 (a)(2)(A)(B) of records that are secured
and maintained by your Departmnet and/or Agency.
    The records sought specifically but not limited file containing:
(1) Criminal Case Bonding Information (2) Commercial Bond Certification
(3) Noted Criminal Case Bonding and/or the Bond(s) which secured
the financing and/or the pledge for the financing of the Criminal
case listed above (4) Certified true and correct copies of the
Bond(s) and identification number(s) (5) Certified indication
of the amount secured per Bond per each offense charged (6) The
expiration date and specified interest for the specified length
of time of these Bond(s) (7) Which government body and/or whom
or what "person(s)" i.e. corporations, companies, associations,
firms, partnerships, societies, joint stock companies, individuals
and/or officers (a) secured the Bond(s) (b) hold the Bond(s)
(8) Any and a;; other records and data concerning the Bond(s)
not otherwise exempt by 5 U.S.C. §552(a)(6)(C),(b)(7), 5 U.S.C.
§552a(j)(2),(k)(2) or law Public Citizens V. Dept. of Justice
(1989) 491 U.S. 440, 105 L. Ed 2d 377. 109 S.Ct. 2552; Dept.
of Justice v. Reporters Comm. (1989) 489 U.S. 749. 103 L.Ed 2d
774. 109 S.CT. 1448; Detroit Free Press V. Dept of Justice, 73
F. 3d 93 (1998); F.B.I. v. Abramson, 465 U.S. 615 72 L.Ed 2d
376, 102 S.CT. 2054 (1982) including exemption- U.S.C. §552(b)(3).
    If the information, records and/or data requested are placed,
filed, secured and/or held in a separate, different and/or distinct
file by or under another name, number or identifier other than
the case docket number and/or Agency to open and/or access that
file for all the information, records and/or data requested herein.

1



GOVERNMENT
EXHIBIT
PENGAD-Bayonne, N.J.

It is further requested that your Department and/or Agency in response to all the information requested, specifically inform me if and to what government body and/or to whom and/or what "person" previously described, has been released and/or disclosed any of the information and/or material requested herein, their name, titled purpose and need for such information and/or material, the date of release, and the specific information and/or material released and/or disclosed such release and/or disclosure 5 U.S.C. §552a(b)(l)---(l2), (c)(l)---(4), or law, Abraham & Rose, P.L.C. v. U.S., 138 F.3d 1075(1998); Ray v. Dept. of Justice, 720 F.2d (1983).

Your Department and/or Agency is advised that the Bonding and/or Bond(s) info, data or reports in total are no longer accord exempt status unless under specific exemptions  noted, and only with reference  to specific citation of authority, Nemetz v. Department of the Treasury, 446 F.Supp. 102(1987; Akins v. Federal Election Com'n, 101 F.3d 731(1996); Gummoc v. Gore, 180 F.3d 282(1999); Solar Sources Inc. v. U.S., 142 F.3d 1033(1998).

I agree to pay any reasonable costs of fees applicable to this request, above/or beyond the specified allotment of costs or fees applicable at no charge pursuant to The Uniform Practices Code, The OMB Uniform FOIA Fee Schedule & Guidelines §6(b) Fed. Reg. 10017, in compliance with 31 U.S.C. §9701, or if I, am considered indigent, I ask that your Department and/or Agency wave all changes pursuant to 5 U.S.C. §552a(i)(3) et seq.

Pursuant to 5 U.S.C. §552(a)(6)(A)(i), it  is noted that your Department and/or Agency has ten (10) working days following receipt of this request to provide me this information and/or material south.  Should any delay occur, it is requested that your Department and/or Agency inform me of this delay as provided by 5 U.S.C. §552(a)(6)(B), and the date when your Department and/or Agency will be able to act. In the event that I do not receive the response in the specific time provided by statute, I will then be forced to pursue other remedy, Public Citizen v. F.T.C., 869 F.2d 1541(1989); Blazy v. Tenet, 194 F.3d 90, (1999); GMRI Inc. v. E.E.O.C., 149 F.3d 449(1998).

I Certify under penalty of perjury under the laws of The United States of America in the nature of [28 U.S.C. §1746(1)], that I have read the foregoing request for information and know the contents thereof and that the information listed above is true, correct and complete.

JOHN ANTONIO CASILLAS
Date of birth ████████████/Rio Piedras Puerto Rico
SSN ████████████

Executed August 15,2006

/s/ John A Casillas
John Antonio Casillas
non assumpsit/TDC

2



**U.S. Departme    f Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

OCT 3 0 2

Requester: John A. Casillas                    Request Number:    06-3539

Subject of Request: Self

Dear Requester:

Your recent request for records from the Executive Office for United States Attorneys (EOUSA) has been received. Before the Executive Office can begin processing your request, it is necessary for you to correct one or more deficiencies. Please comply with the paragraphs checked below:

1.    [√] A requester must provide a notarized example of his/her signature or a certification of identity under penalty of perjury. This insures that information pertaining to an individual is released only to that person. A form is enclosed for your use.

2.    [ ]The files and records of United States Attorneys are maintained in over one hundred separate offices throughout the United States. Please identify the specific United States Attorney's office(s) where you believe records may be located. This would be primarily the district(s) in which a prosecution or litigation occurred.

3.    [ ] To insure that records are properly identified, provide subject's full name, current address, and date and place of birth.

4.    [√]A request must describe the records sought in sufficient detail to allow location of the records with a reasonable amount of effort (i.e., processing the request should not require an unduly burdensome effort or be disruptive of Department operations). Please provide more specific information about the records you seek, such as appropriate dates, locations, names, nature of the records, etc.

5.    [ ] Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:
      **NOT SPLIT**

By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. § 16.3©, unless you request a waiver of fees (according to requirements in 28 C.F.R. § 16.11(k)). Indigency does not constitute a basis for a fee waiver. Please note that pursuant to 28 C.F.R. § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28



(Page 1 of 2)
Form No. 003 - 2/06

OCT 3 0 2

the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you. **Please send your new, corrected request to the address above.**

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

[] Enclosure(s)

(Page 2 of 2)
Form No. 003 - 2/06

**Certified Return Mail Number: 7005 2570 0001 7393 0588** RECEIVED

2006 DEC -1 PM 12: 36

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Mr. William G. Stewart II,   AAD
U.S. Department of Justice
EOUSA/FOIA/PA Staff
BICN BLDG., Rm. 7300
600 E. Street, N.W.
Washington,  D.C.  20530


November 5, 2006


RE:        Request No. 06-3539

Subject:   **Response to your letter, dated October 30, 2006**

Dear Mr. Stewart II:

    I am responding to your October 30, 2006 letter.  I am adhering
to your instructions in that letter.  I am re-submitting a New request
with Certificate of Identity.  Also I want to make cristal clear that
I am requesting the following:

        **"DISCLOSURE OF ALL CRIMINAL BONDS, BONDING,** or otherwise as to:
        **U.S.A. v. JOHN ANTONIO CASILLAS,** criminal case; **CR-90-0314(CCC),**
        **U.S. District Court of Puerto Rico. (AUSA ROSE E. RODRIGUEZ VELEZ)."**

    I am making my request as John Antonio Casillas on behalf of
JOHN ANTONIO CASILLAS, ENS LEGIS.

    I pray this will clarify  my New request as to what I am requesting.
If you need any additional info , please advise.

**RESPECTFULLY SUBMITTED.**


                          Sincerely,

                          John Antonio Casillas

                          John Antonio Casillas, on behalf
                          of, JOHN ANTONIO CASILLAS, ENS LEGIS



GOVERNMENT
EXHIBIT

3

**Certified Mail Number 7005 2570 0001 7393 0588    Memorandum of Record**

**U.S. DEPARTMENT OF JUSTICE**
William G. Stewart II-A.A. Director
EOUSA/FOIA/PA STAFF
BICN BLDG., RM 7300
600 E. STREET, N.W.
WASHINGTON, D.C. 20530

November 6, 2006.

**DIRECT RESPONSE TO:**
JOHN ANTONIO CASILLAS
06843-069 Unit BA
Federal Satellite Low
Jesup, Georgia 31599
DOB ███████ Puerto Rico
SSN ███████
**IDENTIFICATION OF REQUESTER**
In Accordance with 28 CFR
§16.41(d).

RE:    DISCLOSURE OF ALL CRIMINAL BONDS, BONDING, OR OTHERWISE AS
       REQUESTED BELOW - **U.S.A. v. JOHN ANTONIO CASILLAS - CASE NO.
       90-CR-00314 CC, U.S. DISTRICT COURT, DISTRICT  OF  PUERTO
       RICO, ( A.U.S.A. ROSA E. RODRIGUEZ VELEZ).**

Dear Mr. Stewart II:

    This request is made pursuant to the provisions of the Freedom of
Information Act 5 USC §552 and Privacy Act 5 USC §552(d)(l) for full
disclosure and release of all records and/or data contained in  the
files of yours department and/or Commercial Crimes Bonding Information
and/or Case Bonding Information and/or Commercial Crimes Bonding Cer-
tification 5 USC §552(a)(2)(A)(B) of records that are secured     and
maintained by your Department and/or Agency.

    The records sought specifically but not limited file  containing:
**(1)** Criminal Case Bonding Information. **(2)** Commercial Bond Cetifica-
tion.**(3)** Noted Criminal Case Bonding and/or the Pledge for the finan-
cing of the Criminal Case, **U.S.A. v. JOHN ANTONIO CASILLAS-CASE NO.
90 CR 00314 CC, U.S. DISTRICT COURT, DISTRICT OF PUERTO RICO, (AUSA,
ROSA EMILIA RODRIGUEZ VELEZ). (4)** Certified true and correct  copies
of the Bond(s) and identification number(s).**(5)** Certified indication
of the amount secured per Bond per each offense charged.**(6)** The expi-
ration date and specified interest for the specified length of time
of these Bond(s).**(7)**  Which government body and/or whom or what "per-
son(s) i.e. corporations, companies, associations, firms, partnerships,
societies, joint stock companies, individuals and/or officers   (a)
secured the Bond(s)  (b) hold the Bond(s). **(8)** Any and all other re-
cords and data concerning the Bond(s) not otherwise exempt by 5 USC
§552(a)(6)(C), (b)(7), 5 USC §552a(j)(2), (k)(2) or law, Public
Citizen v. Dept. of Justice, 491 US 440, 105 L.Ed.2d 377(1989); Dept.
of Justice v. Reporters Comm., 489 US 749, 103 L.Ed.2d 774, 109 S.Ct.
1448(1989); Detroit Free Press v. Dept of Justice, 73 F.3d 93(1998);
FBI v. Abramson, 465 US 615, 72 L.Ed.2d 376, 102 S.Ct. 2054(1982),
including exemption - 5 USC §552(b)(3).

    If the information, records and/or data requested  are  placed,
filed. secured and /or held in a separate, different and/or distinct
file by or under another name, number or identifier other than the
case docket number and/or Agency to open and/or access that file
for all the information, records and/or date requested herein.

1

It is further requested that your Department and/or Agency in response to all the information requested, specifically inform me if and to what government body and/or to whom and/or what "person" previously described, has been released and/or disclosed any of the information and/or material requested herein, their name, titled purpose and need for such information and/or material, the date of release, and the specific information and/or material released and/or disclosed such release and/or disclosure 5 U.S.C. §552a(b)(1)---(12), (c)(1)---(4), or law, Abraham & Rose, P.L.C. v. U.S., 138 F.3d 1075(1998); Ray v. Dept. of Justice, 720 F.2d (1983).

Your Department and/or Agency is advised that the Bonding and/or Bond(s) info, data or reports in total are no longer accord exempt status unless under specific exemptions noted, and only with reference to specific citation of authority, Nemetz v. Department of the Treasury, 446 F.Supp. 102(1987; Akins v. Federal Election Com'n, 101 F.3d 731(1996); Gummoc v. Gore, 180 F.3d 282(1999); Solar Sources Inc. v. U.S., 142 F.3d 1033(1998).

I agree to pay any reasonable costs of fees applicable to this request, above/or beyond the specified allotment of costs or fees applicable at no charge pursuant to The Uniform Practices Code, The OMB Uniform FOIA Fee Schedule & Guidelines §6(b) Fed. Reg. 10017, in compliance with 31 U.S.C. §9701, or if I, am considered indigent, I ask that your Department and/or Agency wave all changes pursuant to 5 U.S.C. §552a(i)(3) et seq.

Pursuant to 5 U.S.C. §552(a)(6)(A)(i), it is noted that your Department and/or Agency has ten (10) working days following receipt of this request to provide me this information and/or material south. Should any delay occur, it is requested that your Department and/or Agency inform me of this delay as provided by 5 U.S.C. §552(a)(6)(B), and the date when your Department and/or Agency will be able to act. In the event that I do not receive the response in the specific time provided by statute, I will then be forced to pursue other remedy, Public Citizen v. F.T.C., 869 F.2d 1541(1989); Blazy v. Tenet, 194 F.3d 90, (1999); GMRI Inc. v. E.E.O.C., 149 F.3d 449(1998).

I Certify under penalty of perjury under the laws of The United States of America in the nature of [28 U.S.C. §1746(1)], that I have read the foregoing request for information and know the contents thereof and that the information listed above is true, correct and complete.

JOHN A. CASILLAS/ENS LEGIS
DAte of birth ▮▮▮▮▮▮▮▮▮ / Rio Piedras, Puerto Rico.
SSN ▮▮▮▮▮▮▮

Executed   November 6, 2006

/s/ ~~John A. Casillas~~

John A. Casillas
non asumpsit/TDC



**U.S. Department of Justice**

# Certification of Identity

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    **JOHN ANTONIO CASILLAS/ENS LEGIS**

Citizenship Status [2] **U.S.**                    Social Security Number [3] ▪▪▪▪▪▪▪▪

Current Address **FEDERAL SATELLITE LOW/2650 HWY 301 SOUTH, JESUP GA ·31599**

Date of Birth ▪▪▪▪▪▪▪▪              Place of Birth **RIO PIEDRAS, PUERTO RICO**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] *John Antonio Casillas*              Date **November 6, 2006**
John Antonio Casillas

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

### Print or Type Name

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

| | | | |
|---|---|---|---|
| Request Number: | 06-4037 | Date of Receipt: | 04-24-07 |
| Requester: | Cassillas, John A. | | |
| Subject: | Self (bonds only) / DPR | | |

Dear Requester:

    In response to your Freedom of Information Act and/or Privacy Act request, the *APR 30 2007* paragraph(s) checked below apply:

1.   [ ]  A search for records located in EOUSA -_____ has revealed no responsive records regarding the above subject.

2.   [ x ]  A search for records located in the United States Attorney's Office(s) for _DPR_ has revealed no responsive records regarding the above subject

3.   [ ]  After an extensive search, the records which you have requested cannot be located.

4.   [ ]  Your records have been destroyed pursuant to Department of Justice guidelines.

5.   [ ]  Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response: ____.

    This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

        Sincerely,

        William G. Stewart II
        Assistant Director

Form No. 005 - 2/06



GOVERNMENT
EXHIBIT
4

OFFICE OF INFORMATION AND PRIVACY
UNITED STATES DEPARTMENT OF JUSTICE
1425 NEW YORK AVE., SUITE 11050
WASHINGTON, D.C. 20530-0001



May 9, 2007

### APPEAL OF FOIA/PA DENIAL

This is an Appeal of FOIA/PA denial from JOHN ANTONIO CASILLAS **App** Ens Legis/NTC on Record, BOPN 06843-069/Unit BA/Feder l Satellite Low/ 2650 HWY 301 South/Jesup, Ga [31599]/DO████████/SSN ████████2/ EIN ████████ in U.S. Department of Justice FOIA/PA Case No. 06-4037.

Requester John Casillas, the living Sentient, Sui Juris, autho-rized representative under Federal law since birth OF JOHN ANTONIO CASILLAS (C) 1945/Ens Legis/NTC on Record, requested on behave of the ENS LEGIS all commercial Bonding Certification on Criminal Case NO 90 CR 0314 CC, UNITED STATES OF AMERICA VS. JOHN ANTONIO CASILLAS, indict-ment filing date November 12,1990, and sentencing date of November 16, 1991, AUSA ROSA EMILIA RODRIGUEZ VELEZ.   United States Attorney DANIEL F. LOPEZ ROMO, for the DISTRICT OF PUERTO RICO, SAN JUAN DIVISION, for copies of all record of Securities Issued on the account of criminal case no 90 CR 0314 CC/DPR of charging instrument Ens Legis name of JOHN ANTONIO CASILLAS; Bid Bonds; Performance Bonds; Payments Bonds; Miller Bonds; Non-Miller Bonds; 1090 OID Forms; 1090 INT forms; TIN Files; IMF Files, and also to be provided with the Bond Number(s) in Criminal cause 90 CR 0314 CC/DPR and to be provided with the name(s) of the present holder(s) of these Bonds, **see UCC §3-410(2)**, these were **SOLD** without the knowledge, consent or notice of the Ens legis autho-rized representative the living Sentient John Casillas/TDC, Sui Juris.

The date of the request was November 6, 2006, and made to "Mr. WILLIAM G. STEWARD II, Assistant Director, U.S. Department of Justice/ EOUSA/FOIA/PA STAFF/BICN BLDG, ROOM 7300/600 ST., N.W./WASHINGTON, D.C. 20530." See copy of Attachment herein enclose as EXHIBIT A.

A response from "Mr. William G. Steward II, Assistant Director, U.S. Department of Justice, EOUSA/FOIA/PA Staff, BICN BLDG, Room 7300, 600 E. St. N.W., Washington, D.C. 20530" was received by the Requester on May 3, 2007 dated April 30, 2007 denying the request. See copy of attachment herein enclose as EXHIBIT B.

I HEREBY CERTIFY, I have suscribed the foregoing Appeal for FOIA/ PA 1974 for copies of Commercial Instruments **Issued** and **Sold** without the Knowledge, consent or notice to the Principal on Criminal Case No 90 CR 0314 CCC/DPR, I know the content and the matters and allegations set forth therein are true and under the penalty of perjury.

RESPECTFULLY SUBMITTED, this 9th day of May 2007 in Jesup, Ga by

*John Casillas*
_____
**App** John Casillas, PE 1945/TDC-Sui Juris on behalf of JOHN ANTONIO CASILLAS (C) 1945/ENS LEGIS/BOPN 06843-069/UNIT BA/FEDERAL SATELLITE LOW/2650 HWY 301 SOUTH/JESUP, GA 31599

### RECEIVED

JUN - 4 2007

Office of Information and Privacy

cc: file

5

EXHIBIT A

**Certified Return Mail Number: 7005 2570 0001 7393 0588**


Mr. William G. Stewart II,   AAD
U.S. Department of Justice
EOUSA/FOIA/PA Staff
BICN BLDG., Rm. 7300
600 E. Street, N.W.
Washington, D.C.   20530


November 5, 2006


RE:      Request No. 06-3539

Subject:   Response to your letter, dated October 30, 2006

Dear Mr. Stewart II:

   I am responding to your October 30, 2006 letter.  I am adhering
to your instructions in that letter.  I am re-submitting a New request
with Certificate of Identity.  Also I want to make cristal clear that
I am requesting the following:

   **"DISCLOSURE OF ALL CRIMINAL BONDS, BONDING,** or otherwise as to:
   **U.S.A. v. JOHN ANTONIO CASILLAS,** criminal case; **CR-90-0314(CCC),**
   **U.S. District Court of Puerto Rico. (AUSA ROSE E. RODRIGUEZ VELEZ)."**

   I am making my request as John Antonio Casillas on behalf of
JOHN ANTONIO CASILLAS, ENS LEGIS.

   I pray this will clarify  my New request as to what I am requesting.
If you need any additional info , please advise.

**RESPECTFULLY SUBMITTED.**




                              Sincerely,


                              _____
                              John Antonio Casillas, on behalf
                              of, **JOHN ANTONIO CASILLAS, ENS LEGIS,**
                              Reg. Jail No. 06843-069 Unit B-A
                              Federal Satellite Low
                              2650 Hwy 301 S.
                              Jesup, Georgia  31599



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                              _Washington, D.C. 20530_

JUN 2 0 2007

Mr. John A. Casillas
Register No. 06843-069
Federal Correctional Institution          Re:    Appeal No. 07-1622
2650 Highway 301 South                           Request No. 06-3539 CLS
Jesup, GA 31599                                  ALB:CAS                10/06

Dear Mr. Casillas:

  You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to records pertaining to criminal bonding information in the
District of Puerto Rico.

  After carefully considering your appeal, I am affirming EOUSA's action on your request.
EOUSA informed you that it was unable to locate any responsive records in its files. I have
determined that EOUSA's response was correct.

  If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

        Sincerely,

        Janice Galli McLeod
        Associate Director



EOUSA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN A. CASILLAS,

    Plaintiff,

    Vs.

U.S. DEPARTMENT OF JUSTICE,   et al.,

    Defendant.

Civil No. 07-1621

## DECLARATION OF ASSISTANT U.S. ATTORNEY ISABEL MUÑOZ ACOSTA

I, Isabel Muñoz Acosta, declare the following to be a true and correct statement of facts:

1)   This Declaration addresses the searches that I conducted for records responsive to the FOIA request made by Mr. Juan A. Casillas.

2)   I am currently the Freedom of Information Act ("FOIA") Contact of the United States Attorney's Office ("USAO"), District of Puerto Rico ("DPR"). Since 1997 to the present, I have been the FOIA Contact between the USAO/DPR and the Executive Office for United States Attorneys. ("EOUSA"). As a FOIA Contact, I handle approximately 20 FOIA requests per year. To do so, I conduct searches for documents that might be responsive to a FOIA request in my District. Once I locate all responsive documents, I sort through them and separate the responsive records from the non-responsive records. I then forward the responsive records to EOUSA. EOUSA makes all determinations regarding the release or withholding of records. The statements I make herein are either on the basis of my own personal knowledge or on the basis of knowledge acquired by me through the performance of my official duties.

3)   Due to the nature of my official duties, I am familiar with procedures followed by this Office in responding to Mr. Casillas' request.

4)  By facsimile, dated January 10, 2007, I was instructed by EOUSA to conduct a search for any records this office may have regarding criminal bonds and bonding information pertaining to John Antonio Casillas.

5)  On April 24, 2007, I searched the Legal Information Network System ("LIONS") database. LIONS is the case management/tracking system used by USAOs to record and maintain up-to-date information on cases and matters opened by Assistant U.S. Attorneys ("AUSAs"), and to produce a variety of reports on that information. Information maintained in the LIONS database is retrievable by the defendant's name, USAO jacket number, and Court docket number. Accordingly, I conducted a search in LIONS by using Casillas' name and learned that potentially responsive records were located at the Federal Records Center.

6)  I immediately contacted the Records Specialist at the Federal Records Center and requested that John A. Casillas' file be sent to the USAO/DPR.

7)  Upon receipt of the Casillas' file, I reviewed it for bond related records.

8)  The Casillas' file did not contain any documents related to bonds, criminal bonds or bonding.

9)  On April 23, 2007, I notified EOUSA that I could not locate any documents responsive to Mr. Casillas' request.

10) On October 16, 2007, EOUSA requested that I provide a declaration regarding the search that I conducted in April 2007 in response to Mr. Casillas FOIA/PA request. The above contains the summary of the search that I conducted.

I declare under penalty of perjury that the foregoing is true and correct.

2

Executed this 8th day of November 2007 in San Juan, Puerto

Rico.

ISABEL MUÑOZ ACOSTA
FOIA Contact
Office of the U.S. Attorney
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Telephone: (787) 766-5656/282-1841
Facsimile: (787) 766-6219
E-Mail: isabel.munoz@usdoj.gov