district court for the United States
for the District of Columbia

<u>Civil Action No. 07-1621 (RWR)</u>

JOHN ANTONIO CASILLAS
Third Party Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE
Third Party Defendants,

John Casillas
Third Party Intervener.

---

HONORABLE JUDGE RICHARD W. ROBERTS
DISTRICT JUDGE FOR THE UNITED STATES
DISTRICT OF COLUMBIA

---

MEMORANDUM OF POINTS AND AUTHORITIES IN
IN OPPOSITION TO DEFENDANTS SUMMARY JUDGMENT

---

John Casillas, in esse, sui juris
Injured Party of Interest/Third Party
Intervener/Principal in behave of
JOHN ANTONIO CASILLAS (C) 1945, ENS
LEGIS/TRUST C/O 06843-069 UNIT BA
FEDERAL SATELLITE LOW
2650 HWY 301 S.
JESUP, GA 31599

**RECEIVED**

JAN 4 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

district court for the United States
for the District of Columbia

JOHN ANTONIO CASILLAS
  Third Party Plaintiff,

                     Civil Action No.
                     07CV1621RWR

  v.                   AFFIDAVIT

UNITED STATES DEPARTMENT OF JUSTICE
  Third Party Defendants,

John Casillas
  Third Party Intervener.
_____/

STATE OF GEORGIA     )
WAYNE COUNTY       )  ss: AFFIDAVIT OF JOHN ANTONIO CASILLAS
united States of America )

  I, Third Party Plaintiff, JOHN ANTONIO CASILLAS (C) 1945, ens legis/Trust, in posse, the undersigned, Federal Satellite Low, HWY 301 S., JESUP, GEORGIA 31599, declares and affirms the following:

  Affiant states that request were presented to EOUS/FOIA/PA staff for clarification and distintion between the ens legis, JOHN ANTONIO CASILLAS (C)/Trust in criminal case no. 90Cr314CC, D.P.R., whom the search for records be conduct on, the one charged in the indictment and the requester John Casillas, Third Party Intervener, the living Sentient.

  Affiant states and declares that implicit in the FOIA Statute Title 5 USC §552 governing and allowing the grant of documents/or files found under the United States custody under a requester's

1

name, a court docket entry under requester's name or USAO jacket number using the requester's name in any United States agency database, is the principle that all documents traceable to the requester should be provided unless the information or file falls under the exemptions.

Affiant stated and declares, that fact is under the living sentient's name [Casillas] upper and lower letter no responsibe document are going to be found. The evidence provided in the record by all agencies involve in the search for the FOIA request proof's that the living Sentient's name [Casillas] was used, see the Declarations of Stearns and Munoz Acosta.

Affiant states and declares that JOHN ANTONIO CASILLAS is a **cestui que trust**. A trust that acts on the living sentient. It is the beneficiary of any and all trust formed under the Constitution. [the master trust]. It is a fiction that is the only means or method for the Government ["UNITED STATES"] to deal with "we the people". I own it. I am not a trustee of it. It is my property and as such part of how I am identified. It is not to be misused, slandered, libeled or besmirched in any way; just the same as my true name. It is not title to me or my body. It may or may not be, acknowledgment of my sovereignty but it is mos certainly acknowledgment of the government's position as a servant since it is their creation. It is simply a means for the servants to deal with the masters.

Affiant states and declares that a constructive trust is one that is formed by wrong doing. It creates no fiduciary relationship.

It may, however, mandate some civil pain. It is usually formed by some fraudulent act or document that transfers property. The **certui que trust** is usually portrayed as constructive trust unlawfully detaining something that rightfully belongs to someone else.

Affiant states and declares that the **cestui que** is the victim of a construction trust trying to collect on a fraudulent document. The court becomes a constructive trust by its fraud of unlawfully holding the life and liberty of the owner of the **cestui que**. The end product is a commercial instrument called a "judgment and commitment" order denominated in labor of the owner of the **cestui que**. The prison became a constructive trust by unlawfully holding you without due process. All this protections that have been afforded us by our servants and they can be held accountable for the act of their **hirelings** that violate them.

Affiant states and declares that an attorney in federal court better have a six-digit bar card on he/she committed a felony just by walking in and giving his/her name in open court. The court should ask all government attorneys to provide their six-digit bar number for the record in open court.

Affiant states and declares that the non-complaince to record or certified their oath of office, are in direct violation of Title 4 USC §§ 101,102 having either not perform their duty and obligation to uphold the constitution. The court should order the oath of office under Title 5 USC §3331 [OATH] and Title 5 USC §2903 [JURAT] of all government attorneys involve in this case. See United States v. McDermott, 140 US 151(1891)

Affiant states and declares that pending still are interrogatories that has not being answer by the Defendants in this case, that should be file in this Court of Records before any final decision be made. See Rule 56, FRCivP.

Affiant states and declares that the DOJ concedes the fact that in the LEGAL INFORMATION NETWORK SYSTEM [LIONS] database information about bond and bonding a file could be found using the UNITED STATES ATTORNEY OFFICE jacket number, Court Docket number and the Ens Legis name. Affiant declares that under the Vaughn index the files should be provided.

Affiant states and declares that a Memorandum of Law in opposition to the DOJ Summary Judgment is hereby included with this affidavit.

WHEREFORE, the Affiant, JOHN ANTONIO CASILLAS, ens legis/Trust respectfully request this Court authorized the filing of this Affidavit in Support of Plaintiff's Memorandum opposing Summary Judgment.

Affiant declares that the above statements are true of his own knowledge, except as those matters and things he believes them, to be true and declare under federal law, Title 18 USC §1621 and Title 28 USC §1746, under the penalty of perjury that the foregoing is true and correct until the real party in interest written proof of claim to the contrary be presented.

RESPECTFULLY SUBMITTED, in Jesup, GA this 27th day of December 2007.

*John Antonio Casillas*
Plaintiff's Authorized Signature UCC 3-402b
JOHN ANTONIO CASILLAS (C) 1945, ENS LEGIS/TRUST
C/O 06843-069 UNIT BA for John Casillas, Injured
Party of interest/Third party Intervener/Principal
FEDERAL SATELLITE LOW/2650 HWY 301 S.
JESUP, GA 31599

in the district court for the United States
for the District of Columbia

JOHN ANTONIO CASILLAS
AKA JOHN CASILLAS
  Third Party Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE
  Third Party Defendants,

John Casillas
  Third Party Intervener.
_____/

in Admiralty
Article III, §2, Cl.1

Civil Action No. 1:07CV1621RWR

TRAVERSE IN OPPOSITION

JURISDICTION
RULE 8a, FRCivP
RULE 12c, FRCivP

MEMORANDUM OF POINTS AN AUTHORITIES IN OPPOSITION
TO DEFENDANTS SUMMARY JUDGMENT

TO THE HONORABLE JUDGE ROBERTS:

    The Plaintiff, JOHN ANTONIO CASILLAS [herein after 'CASILLAS'] right and through a special visitation as a Third Party Intervener. pro-per, citing <u>Haines v, Kerner</u>, 401 US 519 (1972) and must respectfully file, as required by the Courts December 14, 2007 order[1], this traverse in opposition to defendant's response asking for the dismissal of Plaintiff's FOIA request. This court has jurisdiction under Federal Rules of Civil Procedures, Rule 8a and 12c and in the interest of justice as such requiring. As grounds for this traverse CASILLAS would respectfully avers the following.

---

[1] Courts have power to punish in a summary manner the disobedience of any party to any lawful writ, ... order ... or command to the court. <u>Eilenbecker v. District Court</u>, 143 US 31, (1890).

1

## DISCUTION

In this case the DOJ's, District of Columbia Attorneys incorporated Plaitiff's Material facts used in his complaint as exhibits supportive of their motion for summary dismissal of the Plaintiff's FOIA claim under Title 5 USC §552, see Def. Mem. page 1, ¶2, alleging that there are no issue to litigate. This assertion is not true and missleading. The U.S. own attorneys have created the presumtion for granting the relief require by their own declarations.

The DOJ is also of the view that plaintiff sought a search for documents of a Civil Action No. 90-0314, D.P.R. in U.S. v. ANTONIO CASILLAS. See Def. Mem. page 1, ¶2. This assertion is not true and is wrong. See plaintiff's Affidavit page 1 through 4; Complaint pages 1&2, ¶4; Motion for Allocute Statement pages 2&3. The correct cite should be Criminal NO. 90314CC, UNITED STATES OF AMERICA Vs. JOHN ANTONIO CASILLAS.

THE DOJ allegedly view the declarations of Stearns and Munoz Acosta as supportive for this Court to grant dismissal on the Plaintiff's FOIA request. See Def. Mem., page 1, ¶1. This assertion in not true and is wrong. The declarants did not include record of authentication attested by the public officer having a seal of office where the official record is found. Rule 44(a)(1), FRCivP. An attested proof of the non-existence has not been provided either, a requirement under Rule 44(b),FRCivP by the declarants in this case. See Decl. Munoz Acosta pages 1 through 3; Decl. of Stearns pages 1 through 3 and Declarations of DOJ's Attorneys pages 1 through 3.

In support of Plaintiff's objection is this traverse to the DOJ's response, plaintiff will show that the record constructed and

2

ratified by the "United States Department of Justice" [USDOJ] proves beyond all doubt by the preponderance of its own evidence the fact of the available documents. See Decl. of Munoz Acoasta pg. 2, ¶5. The Attorney Advisor for EOUSA/PA concedes to the fact bond and bonding are found in the LIONS database control by the AUSAs, therefore, there are no issues to litigate as to who has the files and could provide them. See Decl. of Stearns pg. 3, ¶11.

The DOJ is estopped from refuting these facts by its own statements. "The specific computer tracking system utilized in searching for records pertaining to bonds and bondings was LIONS. The Federal Records Center was also searched." Decl. of Stearns, pg. 3, ¶11. Plaintiff is entitled to the documents founds in LIONS and the Federal Records Center under FOIA/PA or the least copy of proof of authentication or non-existence of documents as required under Federal Law, Rule 44, FRCivP.

ARGUMENT AT LAW

Under federal law 'PROOF OF OFFICIAL RECORDS' kept within the United States, or any state, district or commonwealth, or within a territory subject to the administrative or judicial jurisdiction of the United States, or an entry therein when admissible for any purpose, may be evidenced by an official publication thereof or by a **copy attested** by the officer's deputy, and accompanied by a certificate that such officer has the custody. The certificate may be may by a judge of a **court of record** of the district or political subdivision in which the record is kept, authenticated by the seal of the court.

3

or may be made by any public officers having a seal of office and having official duties in the district or political subdivision in the district or political subdivision in which the record is kept **authenticated by seal of the officer's office.** FRCivP, Rule 44(a)(1).

Under federal law 'LACK OF RECORD' by "A written statement that after diligent search no record on entry of a specified tenor is found to exist in the records designated by statement, **authentibated as provided in subsection (a)(1) of rule 44 in the case of domestic records ...** " FRCivP, Rule 44(b).

Plaintiff contends that the disclosure of material in government files has now become a rule, not the exception: Freedom of Information Act, 5 USCS §552, was intended to increase public access to such records through imposition of liberal disclosure requirements limited only by specific, narrowly constructed exemption and does not authorize withholding of any information except as specifically stated. <u>Stokes v. Brennan</u>, 476 F.2d 699(5th Cir. 1973).

Plaintiff contends that the primary purpose of 5 USCS §552 is to increase public access to government records. <u>Nixon v. Sampson</u>, 389 F.Supp. 107 (DC Dist. Col. 1975), dismd (1977, DC Dist. Col.) 437 F.Supp. 654, 3 Media L.R. 1658, revd. on other grounds, remanded sub. nom. Reporters Committee for Freedom of the <u>Press v. Sampson</u>, (1978, App. DC) 192 US App. DC 335, 591 F.2d 944, 4 Media LR 1866.

Plaintiff contends that under Rule 56, FRCivP, a district court litigant opposing summary judgment has a right to a trial whenever there exits a "genuine issue as to any material fact". We may reasonably presume that the Declaration of the Attorney Advisor

4

EOUSA FOIA/PA DIONE JACKSON STEARNS "The specific computer tracking system utilized in searching for records pertaining to bonds and bonding was the LEGAL INFORMATION NETWORK SYSTEM ('LIONS') database ... , the USAO for the D.P.R. conducted searches in criminal case file under the search terms bond and bonding."; And the Declaration of Assistant U.S. Attorney ISABEL MUNOZ ACOSTA "the Legal Information Network System ('LIONS') database ... is the case management/tracking system used by USAOs to record ... information on cases and matters opened by AUSAs ... This information is retrievable by the defendant's name, USAO jacket number, and Court docket number. The LIONS search produced responsive records located at the Federal Record Cented that I receipt " if this is taken as true, it sets forth specific facts shown there is a genuine issue of fact for trial, there is a case of controversy created by EOUSA FOIA/PA own statement showing that "there is not an absence of evidence to support the non-moving party's case", Celotex Cop. v. Catretl, 477 US 317 (1986), and summary judgment is not appropriate under the circumstances, Agosto v. IRS, 436 US 748 at 956(1978) ("a district court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented"); Arderson v. Libberty Lobby Inc., 477 US 242(1990)("at the summary judgment stage the judge's function is not himself to weight the evidence and determine the truth of the matter but to determine where there is a genuine issue for trial.").

Summary judgment is not available to the DOJ in this FOIA Claim because the EOUSA FOIA/PA obligation under 5 USC 552 has not been met through the Vaughn index answer to interrogatories proof of authentication (FRCivP, 44).

5

Plaintiff contends that fact is, the court will accept as reliable the declarations of the defendant's in this case if and only if they are in compliance with federal law. Especifically Rule 44, FRCivP, which dictates the procedures for records kept within the United States when admissible for any purpose. A close scrutiny of the record shows no proof of an official record authentication by the seal of the officers office nor authentication of statement for lack of record as required under Rule 44, FRCivP has been provided with their declarations.

Plaintiff contends that, since no copies of what the EOUSA FOIA/PA staff found were attached to the declarations, the plaintiff pleads the court to make a lawful demand based on an Vaughn index for copies of the files found by AUSA ISABEL MUNOZ ACOSTA, D.P.R., in the LIONS' database and also the Federal Record Center. The agency has not justify the non-disclosure of this files based on the authority to withhold this files or limit their availability or record except as provided in Title 5 USC §552 -- conclusory statements are not enough justification for non-disclosure "The burden is on the agency for justify all non-disclosures." Id. See Stokes, Nixon, supra. Especially when the records are public records. The court should order their release. See Department of Justice v. Comm. for Freedom of the Press, 489 US 749,755(1989)("The court exercise de novo review over FOIA matters.").

Plaintiff contends that the district court's job is to review whether the agency interpreted the FOIA matters asked for and whether the FOIA has been applied to the factors of the case. In other

words whether the agencies establish that all of their obligations under FOIA [5 USC §552] has been met through the declarations, affidavits, answers to interrogatories and specifically the Vaughn index. This is clearly met when the found file related to the factors of the case are provided to the requester and the answer to the interrogatories has been file in the court. Non production nor filing of the answer to the interrogatories does not satisfies these prima facie obligations -- showing a presumption of bad faith.

Plaintiff contends that the order pray for in Plaintiff's Complaint under Title 5 USC §552 for documents under the control of the DOJ and found in the LIONS database and Federal Record Center are public records and should be ordered release by the court. The documents are not accorded exempt status. See Nemetz v. Department of Treasury, 446 F.Supp. 102 (1987); Akins v. Federal Election Comm., 101 F.3d. 735 (1996); Gummol v. Gore, 180 F.3d. 282 (1999) and Solar Sources Inc. v. United States, 142 F.3d. 1033 (1998).

Plaintiff contend and gives judicial notice to the fact that there is no authority to withhold this file or limit the availability of record except as provided in statute, Title 5USC §552. Fact is that pursuant to a **VAUGHN INDEX** copies of the files found by the Assistant U.S. Attorney, D.P.R. may be release to court for inspection and under court approval copies may be release to the Plaintiff then the agency is in compliance with Congress intent in the enacting of the Freedom of Information Statute, Title 5 USC §552 files must be provided, i.e., to make agency records more accessible to the public, the statute asks no less.

WHEREFORE, plaintiff, JOHN ANTONIO CASILLAS (C) 1945/ENS LEGIS/ TRUST/NUL TIEL CORPORATE ON RECORD prays the Court as follows:

1) For the Court to denied defendants' Summary Judgment.

2) For an Order for the defendants to answer the interrogatories file by the Plaintiff in this case.

3) For an Order for the defendants to provide the court attested copy of the lack of record/ or authentication with affix agency seal. Rule 44, FRCivP.

4) For an Order for the defendants to provide the files found in the LIONS and FEDERAL RECORD CENTER, and

5) For such other and further relief as to which the court may deem just, fit and proper.

RESPECTFULLY SUBMITTED, this 27th day of december 2007, in Jesup, Ga.


*John Antonio Casillas*
JOHN ANTONIO CASILLAS (C) 1945, in posse/
ens legis/Trust/Authorized signator/UCC 3-
402b for and in behalf of  John  Casillas/
Injured Party of Interest/ Third  Party
Intervener/Principal/ in esse/sui juris
C/O 06843-069 Unit BA
FEDERAL SATELLITE LOW
2650 HWY 301 S.
JESUP, [31599]

8

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date of December 27, 2007, a true and correct copy of "MEMORANDUM OF POINTS AND AUTHORITIES IS OPPOSITION TO DEFENDANTS SUMMARY JUDGMENT" has been mailed to the following parties:

CLERK'S OFFICE
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
333 CONSTITUTION AVE. N.W.
SUITE 5409
WASHINGTON, DC 20001

UNITED STATES ATTORNEY'S OFFICE
ROSA EMILIA RODRIGUEZ VELES, USA
DISTRICT OF PUERTO RICO
TORRE CHARDON SUITE 1201
350 CHARDON AVE.
SAN JUAN, PUERTO RICO

UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF COLUMBIA
JUDICIAL CENTER BLDG
555 FOURTH ST. N.W.
ROOM E4919
WASHINGTON, DC 20530

OFFICE OF INFORMATION AND PRIVACY
U.S. DEPARTMENT OF JUSTICE
425 NEW YORK AVE. N.W.
SUITE 11050
WASHINGTON, DC 20530-0001

by U.S. mail postage prepaid through institutional mail box this day of December 27, 2007, declare under the penalty of perjury Title 18 USC §1621 and Title 28 USC §1746 that the foregoing is true and correct.

JOHN ANTONIO CASILLAS
---
Plaintiffs Authorized Signator UCC 3-402b
JOHN ANTONIO CASILLAS (C) 1945, ens legis/
Trust, C/O 06843-069 Unit BA  for  John
Casillas, Injured Party of Interest/Third
Party Intervener/Principal
FEDERAL SATELLITE LOW
2650 HWY 301 S.
JESUP, GA 31599.

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN ANTONIO CASILLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1621 (RWR) |
| ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is defendant's motion for summary judgment. Because defendant's motion could potentially dispose of this case, the Court will advise the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988); *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

The plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within ... such ... time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

Local Civil Rule 7(b).

The plaintiff's attention is also directed to Rule 56 of the Federal Rules of Civil Procedure regarding summary judgment, which states in pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence,