UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN ANTONIO CASILLAS              )
                                   )
            Plaintiff,             )
                                   )
       v.                          )    Civil Action No. 07-1621(RWR)
                                   )
UNITED STATES DEPARTMENT           )
OF JUSTICE OFFICE OF               )
INFORMATION AND PRIVACY,           )
                                   )
            Defendant.             )
                                   )
_____)

### REPLY TO PLAINTIFF'S OPPOSITION
### TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff filed a FOIA suit seeking records pertaining to all criminal bonds or bonds relating to him in the case of <u>U.S. v. Antonio Casillas</u>, Criminal Action No. 90-0314 (D.C.P.R.).  A search for responsive documents in the United States Attorney's Office (USAO) for the District of Puerto Rico revealed no responsive documents.

Plaintiff's opposition to defendant's motion asserts that FOIA "implicitly" requires an agency to produce documents in the custody of the United States under the requestor's name, in any "United States agency database," and that the declarations in support of defendant's motion were not "attested by a public officer having a seal of office."  He also complains that no responsive records were found.  Finally, plaintiff now seeks to expand his FOIA request and to have this Court require the defendant to produce <u>all</u> records found in the LIONS database and

the Federal Records Center pertaining to him.

**ARGUMENT**

Contrary to plaintiff's assertion, an agency is not required to search all databases maintained by the United States under plaintiff's name.  Plaintiff's FOIA request was very specific and sought all documents pertaining to criminal bonds or bonds relating to him in the criminal case brought against him in the United States District Court for the District of Puerto Rico.  An agency is required to produce records that are either created or obtained by an agency and under the agency's control at the time of the FOIA request.  In this case, agency records maintained by the United States Attorney's Office concerning his criminal prosecution in Puerto Rico are at issue (See Complaint; Def. Exs. 1 and 3).  Plaintiff's FOIA request did not request records from other agencies of the United States government.  Moreover, to obtain such records plaintiff must comply with the individual agency's FOIA regulations.

Plaintiff's complaint that the declarations submitted in support of the motion for summary judgment were not notarized is equally without merit. 28 U.S.C. § 1746 permits a certification without the need for a notary where the declarant states in writing, under the penalty of perjury, that the statements are true and correct.  The declarants executed their declarations in

2

accordance with the requirements of 28 U.S.C. § 1746.

Similarly, plaintiff is mistaken when he equates the inability to find responsive records as the <u>sin quin non</u> of an inadequate search or a withholding of responsive documents. The adequacy of the search is measured, not by the results of the search, but the appropriate methods used to carry out the search. <u>Iturrable v. Comptroller</u>, 315 F.3d 311, 315 (D.C. Cir. 2003); <u>Stanburg v. United States Dep't of Justice</u>, 23F.3d 548, 551 (D.D.C. 1994). The failure to locate responsive documents does not render the search inadequate. <u>Nations Magazine, Washington Bureau v. United States Custom Serv</u>., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). The search for the specific category of documents was reasonable, thorough and adequate. <u>Founding Church of Scientology v. Nat'l Sec. Agency</u>, 610 F.2d 824, 834 (D.C. Cir. 1979). The case file identified by plaintiff was obtained from the Federal Records Center and no documents related to bonds, criminal bonds, or bonding were located. In addition, the LIONS data was searched to determine if there were any other files related to plaintiff that may contain responsive documents. There were no such files (Acosta Declaration ¶¶ 5-8).

Finally, plaintiff's attempt to expand his FOIA request to include all records found in the LIONS database and Federal Records Center pertaining to him must fail. Plaintiff's FOIA request was very specific. A search of the file revealed no

3

responsive records.  The plaintiff did not request all the records or files pertaining to him and/or his criminal prosecution.  Consequently, they were not processed for applicable exemptions nor were they responsive to plaintiff's FOIA request.  Plaintiff may not request one search and then, when nothing is found, convert that request into a different search and thus defeat a motion for summary judgment based on the initial request.  See e.g. Nation Magazine, Washington Bureau v. U.S. Customs Service, 71 F.3d 885, 890 (D.C. 1995)(Although agency has a duty to construe a FOIA request liberally, it does not have to be "clairvoyant").  There is nothing in plaintiff's FOIA request or his complaint that suggests that he was requesting all files relating to him rather that records in his file relating to "bonds, criminal bonds or bonding" (Def. Ex. 1). Campbell v. United States Dep't of Justice, 164 F.3d 20, 29 (D.C. Cir. 1998); O'Neil v. Dep't of Justice, 2007 WL 3223303.  If plaintiff wants this expanded information, he must submit a new FOIA request to the agency and exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, and the reasons contained in defendant's motion for summary judgment, judgment should be entered in favor of the defendant.

4

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


\_\_/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by First-Class Mail; postage prepaid to:

JOHN ANTONIO CASILLAS
aka JOHN CASILLAS
# 06843-069, Unit BA
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA 31599

on this _____ day of January, 2008.

```
                              ___/s/_____
                              DIANE M. SULLIVAN
                              Assistant United States Attorney
                              555 Fourth Street, N.W.
                              Room E4919
                              Washington, D.C.  20530
                              (202)514-7205
```