UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN ANTONIO CASILLAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Civil Action No. 07-1621 (RWR) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**

The plaintiff, John Antonio Casillas, filed a pro se complaint against the United States Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), 5 USC § 552, and the Privacy Act, 5 USC § 552a.  The defendant has moved for summary judgment and filed declarations in support of its motion.  Casillas has filed a cross-motion for summary judgment, also with supporting declarations.  Because the record shows unequivocally that the DOJ fulfilled its obligations under the FOIA, its motion will be granted and all other pending motions will be denied as moot.

BACKGROUND

Casillas, a federal prisoner, has submitted a sworn statement appended to his complaint explaining

> that every court judgment is a lien, both Civil and Criminal.  Criminal Judgment and Chattel Morgages [sic] are packaged as Mortgaged backed securities and sold under Fannie Mae and Ginny Mae to investors, these judgments are sold to pay the interest on the Mortgages backed securities already sold.  Fact is, that the "UNITED STATES CORPORATION" has created commercial paper for each inmate in prison and put a price on him hypothecate that price many times.

> **Correctional Corporation of America** (Nashville, Tennessee) creates the bonds, and **Lehman Brothers** underwrite those bonds for being bought and sold on the world financial markets. All stock, Bond, commercial paper are held by the **Depository Trust Company, 55 Water St., New York, NY 10041,** and are the actual owners of the Mortgage backed securities, and are the beneficial owners.

Compl., Aff. of John Antonio Casillas at 2. With that apparent understanding, Casillas directed a FOIA/PA request to DOJ, asking for the following documents related to his criminal case:

> (1) Criminal Case Bonding Information, (2) Commercial Bond Certification, (3) Noted Criminal Case Bonding and/or the Bond(s) which secured the financing and/or the pledge for the financing of the Criminal case listed above, (4) Certified true and correct copies of the Bond(s) and identification number(s), (5) Certified indication of the amount secured per Bond per each offense charged, (6) The expiration date and specified interest for the specified length of time of these Bond(s), (7) Which government body and/or whom or what "persons," i.e., corporations, companies, associations, firms, partnerships, societies, joint stock companies, individuals and/or officers (a) secured the Bond(s) (b) hold the Bond(s), (8) Any and a[ll] other records and data concerning the Bond(s) not otherwise exempt [under the FOI and Privacy Acts].

Def.'s Mot. for Summ. J. ("Def.'s Mot."), Decl. of Dione J. Stearns ("Stearns Decl."), Ex.1 at 1 (punctuation added). In a subsequent letter clarifying his request, Casillas reiterated that he was requesting "DISCLOSURE OF ALL CRIMINAL BONDS, BONDING, or otherwise as to: U.S.A. v. JOHN ANTONIO CASILLAS, criminal case, CR-90-0314 (CCC), U.S. District Court of Puerto Rico. (AUSA Rose E. Rodriguez Velez)." *Id.* Ex. 3.

The request was forwarded for processing to the Executive Office of the United States Attorneys ("EOUSA"), the component of the DOJ where criminal case records are maintained until they are sent to storage. Stearns Decl. ¶ 5. EOUSA forwarded the request to its contact in the United States Attorneys Office ("USAO") in the District of Puerto Rico ("DPR"), where the case referred to in Casillas's request was prosecuted. Def.'s Mot., Decl. of Isabel Munoz Acosta ("Munoz Acosta Decl.") ¶ 4. A search of the Legal Information Network System ("LIONS")

using Casillas's name revealed that records relating to him were stored at the Federal Records Center. *Id.* ¶ 5. After Casillas's records were retrieved, they were manually searched and reviewed for the bond information requested. *Id.* ¶¶ 6-7. No responsive documents were located in his file. *Id.* ¶ 8. EOUSA notified Casillas that no responsive documents were found, Casillas appealed the determination, and EOUSA's determination was affirmed. *See* Def.'s Mot., Stearns Decl., Exs. 4, 5, 6.

Casillas then filed this civil action seeking an order requiring the defendant to disclose "the BONDS whereabouts . . . existing in Criminal Case No. 90 CR 0314 CC." Compl. at 2; *see also id.* at 1 (seeking "full disclosure and release of records of all Criminal Bonds, Bondings, Chattel Morgage [sic] or, otherwise as to: UNITED STATES OF AMERICA V. JOHN ANTONIO CASILLAS. Criminal Case: CR 90-0314 CC; U.S. District of Puerto Rico, (AUSA ROSA EMILIA RODRIQUEZ VELES)"). The defendant filed a motion for summary judgment, describing in detail the scope and design of its search for the documents, and the results. *See* Def.'s Mot., Stearns Decl., Munoz Acosta Decl. In his opposition, Casillas contends that under the FOIA, he "is entitled to the documents found in LIONS and the Federal Records Center." Opp'n at 3. Casillas also asserts that he is entitled to answers to his interrogatories, to a Vaughn index and to proof of authentication. *Id.* at 5.

DISCUSSION

Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that it conducted a search of records in its custody or control, *Kissinger v.*

*Reporters Committee for Freedom of the Press,* 445 U.S. 136, 150-51 (1980), that was reasonably calculated to uncover all relevant information, *Weisberg v. Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor or is exempt from disclosure. *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001). To show that its search "us[ed] methods which can be reasonably expected to produce the information requested," *Oglesby v. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998), the agency may submit affidavits or declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the search. *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations reflecting a search reasonably calculated to uncover all relevant information are sufficient to demonstrate an agency's compliance with the FOIA. *Perry,* 684 F.2d at 127. A search need not be exhaustive, *Miller v United States Dep't of State,* 779 F.2d 1378, 1383 (8th Cir. 1985), and the adequacy of a search is not determined by its results, but by the method of the search itself. *Weisberg,* 745 F.2d at 1485. An agency's failure to find a particular document does not necessarily indicate that its search was inadequate. *Wilbur v. CIA,* 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.,* 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

It is undisputed that EOUSA conducted a search of Casillas's criminal case file for information relating to bonds, and that it found no responsive records. DOJ's submissions establish that the search was reasonable, and the plaintiff has not offered any evidence to challenge the reasonableness of the search. On this basis, the defendant is entitled to judgment as a matter of law.

Casillas's contention that he is entitled to records beyond the scope of his request, which was expressly limited to information related to bonds associated with his criminal case, is contrary to law.  The FOIA does not obligate an agency to search for or release records that are not within the scope of the initial request.  "It would be untenable to hold that, as the [FOIA] litigation proceeds, a plaintiff, by continually adding new requests . . . could command a priority based on the date of the initial request." *Biberman v. FBI,* 528 F. Supp. 1140, 1143 (S.D.N.Y 1982) (quoted in *Kowalczyk v. Dep't of Justice,* 73 F.3d 386, 388-39 (D.C. Cir. 1996).

Nor is Casillas entitled to a Vaughn index or answers to his interrogatories.  A Vaughn index is not required in every FOIA case, and there is no need for a Vaughn index where there are no responsive records to describe in a Vaughn index.  *See Voinche v. FBI,* 412 F. Supp. 2d 60, 65 (D.D.C. 2006) (noting that "an agency does not have to provide an index per se," but may instead "satisfy its burden by other means" including by "providing a detailed affidavit or declaration").  As for the interrogatories, "FOIA actions typically do not involve discovery." *People for the American Way Foundation v. Nat'l Park Service,* 503 F. Supp. 2d 284, 308 (D.D.C. 2007).  "Discovery in FOIA is rare and should be denied where[,]" as here, "an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." *Schrecker v. Dep't of Justice,* 217 F. Supp. 2d 29, 35 (D.D.C. 2002).  Casillas's demand for "authentication" is also unavailing, as federal law expressly permits the use of declarations without notarization.  *See* 28 U.S.C. § 1746.

CONCLUSION

Because there is no genuine issue of material fact and the search for the requested documents was reasonable, the defendant will be granted summary judgment and all other pending motions will be denied as moot. A separate order accompanies this memorandum opinion.

SIGNED this 7th day of December, 2009.

> /s/
> RICHARD W. ROBERTS
> United States District Judge